### NEGLIGENCE ON THE PART OF A DRIVER.

Circuit Court of Cuyahoga County.

LUDWIG SPIELBERGER v. THE NORTHERN OHIO TRACTION & LIGHT COMPANY.

Decided, October 12, 1910.

*Street Car Accident—Driver Crossing Track—No Time to Stop Car— Company Not Liable.*

Where a person with knowledge that a street car is coming rapidly, drives upon the track and his hind wheel is struck before he clears the track and he is injured, there being no evidence that the motorman had time to stop his car in time to save the accident, there can be no recovery against the street car company.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

From this record it appears that a verdict for the defendant below was directed at the close of plaintiff's evidence in an action to recover damages for personal injuries sustained by the plaintiff, a groceryman, the hind wheel of whose delivery wagon was struck by a street car as he was driving across Main street

in the city of Akron on the morning of November 27th, 1907. The only negligence of the defendant which the plaintiff in error now relies on is that the mortorman had time, ·after notice of the danger, to prevent the collision.

Spielberger himself testified (pp. 6-8), ''When I got on Main I looked around the north side, did not see anything, looked around south and it was about 300 feet away from the crossing from where I was going to cross the track.'' Being asked ''And at the time you saw the car 300 feet away how close was your horse to the track that the car was coming on?'' he answered, ''About 10 or 15 feet.''

Question. ''What did you do then when you saw the car coming and you was that close to the track, what did you do?'' Answer. ''Well, I started, I drove ahead,-I drove on because I seen—'' Question (interrupting). ''You drove where?'' Answer. ''West.'' Question. ''Across the track?'' Answer. ''Across the track.'' Question. ''And as you was crossing the track state what, if anything, happened?'' Answer. ''I seen the ·car was pretty close to me and I jacked up the horse, tried to jack up the horse after they didn't stop, they didn't stop, they didn't ring the bell, didn't stop nor nothing, just coming ahead, hit my hind wheels, upset the wagon, I dropped down then, that was my last.''

The wagon it appears was slowly toppled over, and the car come to a standstill within half or three-quarters of its own length after hitting the wagon (p. 80). Another witness says (p. 82) that plaintiff's horse was ten or twelve feet from the track when the car was coming within 150 feet of him.'' The plaintiff below also proved (pp. 104-5) that, at ten miles an hour, the shortest distance in which this car could be stopped at that place, is 150 or 175 feet, with· perfect conditions; and at 16 miles an hour, 250 feet. The speed limit under city ordinance was then 12 miles an hour, but it nowhere appears how fast this car was going.

Upon this state of evidence we think the court below was clearly right in holding that there was nothing· for the jury to consider. The only negligence discernible from the record is that of the plaintiff in error.

Judgment affirmed.